

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*   Fax: 973-645-2702

July 25, 2013

Arkady Bukh, Esq.
Law Offices of Bukh & Associates
1123 Avenue Z
Brooklyn, NY 11235

Re:  Plea Agreement with Maksym Shynkarenko

Dear Mr. Bukh:

This letter sets forth the plea agreement between your client, MAKSYM SHYNKARENKO, a/k/a "Maksim Shinkarenko," a/k/a "Maksim Shynkarenko," a/k/a "Maxim Shinkarenko," a/k/a "Maksim Sergeevich Shinkarenko," (hereinafter "MAKSYM SHYNKARENKO,"), and the United States Attorney for the District of New Jersey.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from MAKSYM SHYNKARENKO to Count Thirty-One of the Indictment, Crim, No. 08-625 (WHW), which charges him with knowingly engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). If MAKSYM SHYNKARENKO enters a guilty plea and is sentenced on this charge consistent with the stipulated term of imprisonment under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MAKSYM SHYNKARENKO for transportation, shipment, distribution or advertisement of child pornography from in or about December 2003 through in or about July 2008. In addition, if MAKSYM SHYNKARENKO fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts One through Thirty and Count Thirty-Two of the indictment, Criminal No. 08-625 (WHW). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by

*MS*

MAKSYM SHYNKARENKO may be commenced against him, notwithstanding the expiration of the limitations period after MAKSYM SHYNKARENKO signs the agreement. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

## Sentencing

The violation of 18 U.S.C. § 2252A(g) to which MAKSYM SHYNKARENKO agrees to plead guilty carries a statutory minimum prison sentence of 20 years, a maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on MAKSYM SHYNKARENKO, the sentencing judge: (1) will order MAKSYM SHYNKARENKO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order MAKSYM SHYNKARENKO to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order MAKSYM SHYNKARENKO, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 2253; (5) will order MAKSYM SHYNKARENKO, pursuant to the the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), to comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where MAKSYM SHYNKARENKO resides, is employed, or is a student; and (6) pursuant to 18 U.S.C. § 3583, may require MAKSYM SHYNKARENKO to serve a term of supervised release of not less than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should MAKSYM SHYNKARENKO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MAKSYM SHYNKARENKO may be sentenced to at least 5 years' imprisonment under 18 U.S.C § 3583(k), in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and MAKSYM SHYNKARENKO agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to

MS

be imposed on MAKSYM SHYNKARENKO, should be as follows: (1) thirty (30) years' imprisonment; (2) a term of supervised release of at least 5 years; (3) a special assessment of $100; and (4) forfeiture and abandonment of the computer equipment and other material set forth below. Pursuant to Rule 11(c)(1)(C), this Office and MAKSYM SHYNKARENKO agree that no other sentence or fine is appropriate, beside those set forth in this paragraph. If the Court accepts this plea agreement, MAKSYM SHYNKARENKO must be sentenced accordingly.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MAKSYM SHYNKARENKO's activities and relevant conduct with respect to this case.

### Stipulations

This Office and MAKSYM SHYNKARENKO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, including that the appropriate sentence to be imposed is a term of 30 years' imprisonment, regardless of the advisory range under the United States Sentencing Guidelines. The parties agree that a sentence of 30 years' imprisonment is appropriate taking into account all of the factors under 18 U.S.C. § 3553(a), including the advisory Guidelines range determined by the Court. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. While the Court is not bound by the parties' stipulations, the Court is bound to sentence MAKSYM SHYNKARENKO to a term of imprisonment of 30 years under Federal Rule of Criminal Procedure 11(c)(1)(C).

### Waiver of Appeal and Post-Sentencing Rights

MAKSYM SHYNKARENKO knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement.

MS

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is in accordance with the terms of this agreement, and includes a period of incarceration of 30 years. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Forfeiture

MAKSYM SHYNKARENKO consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in all computer and electronic equipment, including laptop computers, used or intended to be used to commit or to promote the commission of the offense charged in the Indictment and all property traceable to such property, including all material seized from defendant's possession in Thailand in January of 2009.

MAKSYM SHYNKARENKO waives all challenges of any kind to the forfeiture and abandonment of ~~the firearm and ammunition~~ [computer and electronic equipment] by federal, state, and/or local law enforcement. MAKSYM SHYNKARENKO further waives any additional notice requirement in connection with the forfeiture and abandonment of the ~~firearm and ammunition~~ [computer and electronic equipment] and consents to the destruction of the forfeited and abandoned ~~firearm and ammunition~~ [computer and electronic equipment] at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of

- 4 -

the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MAKSYM SHYNKARENKO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against MAKSYM SHYNKARENKO.

No Other Promises

This agreement constitutes the plea agreement between MAKSYM SHYNKARENKO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Mark J. McCarren
    Assistant U.S. Attorney

APPROVED:

Thomas J. Eicher
Chief, Criminal Division

- 5 -

I have received this letter from my attorney, Arkady Bukh, Esq. I have read it, and it has been translated for me into Ukrainian. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 1-7-14
MAKSYM SHYNKARENKO


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 1-7-14
Arkady Bukh, Esq.
by Nicholas Wooldridge

- 6 -

Plea Agreement With MAKSYM SHYNKARENKO

Schedule A

1. This Office and MAKSYM SHYNKARENKO agree to stipulate to the following facts:

   a. From in or about December 2003 through in or about July 2008, MAKSYM SHYNKARENKO operated and controlled a website accessible in the District of New Jersey and elsewhere via the Internet which offered access to thousands of images and videos of child pornography as that term is defined in Title 18, United States Code, Section 2256(8)(C).

   b. From in or about December 2003 through in or about July 2008, this website offered subscriptions of 20-day and 30-day periods which were paid for by the subscribers through on-line credit card payments as well as by other means.

   c. During the period from December 2003 through in or about July 2008, defendant MAKSYM SHYNKARENKO and at least two other coconspirators enlisted the assistance of and directed other individuals to advertise access to this website which featured numerous images and videos of child pornography. 

   d. As of the date of this letter, MAKSYM SHYNKARENKO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged within the meaning of U.S.S.G. § 3E1.1(a).

2. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of thirty (30) years of imprisonment and a period of at least 5 years of supervised release (hereinafter the **"Stipulated Sentence"**) is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below the **Stipulated Sentence**.

