UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

May 5, 2025

**LETTER MEMORANDUM**

Re:   *United States of America v. Maksym Shynkarenko*,
      Criminal Action No. 08-0625 (ES)

Dear Parties:

Before the Court is defendant Maksym Shynkarenko's ("Defendant") *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), as amended by the First Step Act. (D.E. No. 47 ("Motion" or "Mov. Br.")).[1] On January 13, 2025, the Government opposed (D.E. No. 54 ("Opp. Br.")), and on March 25, 2025, Defendant replied (D.E. No. 57 ("Reply Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009); *see also* L. Civ. R. 78.1(b); L. Crim. R. 1.1. For the following reasons, Defendant's Motion is **DENIED**.

**I.   BACKGROUND**

On January 8, 2014, Defendant pled guilty to Count 31 of an Indictment that charged him with a total of 32 Counts. (D.E. Nos. 1 & 39). Specifically, Defendant pled guilty to knowingly engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). (D.E. No. 41 at 1). In pleading guilty to Count 31, Defendant agreed that from on or about December 2003 to July 2008, he "operated a controlled website accessible in the District of New Jersey and elsewhere via the Internet which offered access to thousands of images and videos of child pornography," as defined under federal law. (*Id.* at 7 ¶ (1)(a)). Defendant further agreed that said website "offered subscriptions of 20-day and 30-day periods which were paid for by the subscribers through on-line credit card payments as well as by other means" and that Defendant along with "at least two other coconspirators enlisted the assistance of and directed other individuals to advertise access to this website which featured numerous images and videos of child pornography." (*Id.* at 7 ¶ 1(b)–(c)).

---

[1] Defendant filed his Motion on July 31, 2024. (Mov. Br.). All pin citations to Defendant's Motion are to the page numbers automatically generated by the Court's CM/ECF Case Management System. Although Defendant's Motion contains page numbers at the bottom of his brief, it appears that pages 6 to 8 as well as page 11 onwards are missing from the submission. (*See id.* at 5–6 & 7–8). Nonetheless, the Court will consider the pages it received and the exhibits attached thereto (*id.* at 8–33), together with subsequent letters Defendant submitted in support of his Motion (*see* D.E. Nos. 49 & 53). Finally, while Defendant included a letter dated June 17, 2024, addressed to the former District Judge assigned to this matter as an exhibit to his Motion (Mov. Br. at 22–24), this letter does not appear as a separate entry on the docket.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that a sentence of 360 months' imprisonment and five years of supervised release was reasonable under 18 U.S.C. § 3553(a), and that neither party would argue for a sentence above or below 360 months' imprisonment. (*Id.* at 7 ¶ 2). Pursuant to the terms of the plea agreement, the Honorable Judge Williams H. Walls, U.S.D.J., sentenced Defendant to 360 months' imprisonment, but imposed a term of supervised release for life. (D.E. No. 43 & D.E. No. 44 at 2–3). Defendant is currently serving his sentence at FCI Yazoo City Low. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 5, 2025) (Bureau of Prison ("BOP") Register Number 66319-050). His projected release date is September 13, 2034. (*Id.*; *see also* D.E. No. 11 (June 11, 2012 Order of Temporary Commitment)).

Defendant moves *pro se* for a reduction of sentence under 18 U.S.C. § 3582. (Mov. Br. at 1; Reply Br.). The Government opposes the Motion. (*See generally* Opp. Br.).[2]

## II.   LEGAL STANDARD

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The statute provides in relevant part:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>
>> (i) extraordinary and compelling reasons warrant such a reduction;

---

[2] The Court, utilizing its discretion, provided both the Government and Defendant with extensions to file their respective opposition and reply briefs. (D.E. Nos. 50, 51 & 56). Accordingly, Defendant's letter request styled as a "Motion for Judgement," seeking release from custody as unopposed (D.E. No. 53), and Defendant's request to sanction the Government (Reply Br. at 1, n.1), are denied as moot.

> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).

"Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, No. 10-0434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); *see also Raia*, 954 F.3d at 595. At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if, after finding that extraordinary and compelling reasons warrant a reduction, such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and that the applicable sentencing factors under § 3553(a) warrant a reduction. *United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020); *see also United States v. Castillo*, No. 12-0230, 2024 WL 453608, at *3 (E.D. Pa. Feb. 5, 2024) ("Only if a defendant's circumstances qualify as 'extraordinary and compelling' will the court look to Section 3553(a) factors to determine whether, at the court's discretion, a sentence reduction is warranted." (citing 18 U.S.C. § 3582(c)(1)(A))).

In April 2023, the Sentencing Commission introduced changes to the requirements and definitions contained in Section 3582, as well as the Guidelines' Policy Statements regarding matters to be considered in evaluating motions of this kind. More specifically, Amendment 814, effective November 1, 2023,

> expands and modifies the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as follows: (1) additional "Medical Circumstances" subcategories; (2) modified Family Circumstances category; (3) new "Victim of Abuse" category; (4) modified "Other Reasons" category; and (5) new "Unusually Long Sentence" category.

*Castillo*, 2024 WL 453608, at *3 (citing United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13(b) (Nov. 1, 2023)). In addition, "Amendment 814 to the Sentencing Guidelines now revises U.S.S.G. § 1B1.13 and makes the Commission's compassionate release policy statement binding [on courts]" rather than merely advisory. *Id.* "Notwithstanding these most recent changes, [d]istrict courts wield considerable discretion in compassionate-release cases." *United States v. McAdams*, No. 09-0737, 2024 WL 863380, at *3 (D.N.J. Feb. 29, 2024) (internal quotation marks omitted) (citing cases).

3

### III.    ANALYSIS[3]

The crux of Defendant's request for compassionate release is that his elderly mother, who resides in the "war-stricken city" of Kharkiv, Ukraine, is unable to care for herself in light of both physical ailments, including dementia, and the circumstances created by the ongoing war between Russia and Ukraine. (*See generally* Mov. Br.). Specifically, Defendant maintains that his mother, who lives twenty-six miles from the Russian border, "prepares to be captured, and likely murdered, by the Russian army." (*Id.* at 3 & 10; D.E. No. 49 at 1 (fearing that his mother "alone and in terror, will be murdered by a brutal enemy if [Defendant] is not able to return home and help her flee to safety")). Moreover, Defendant claims his mother lives alone and that other family members cannot help care for her in light of "their direct involvement in war," their own health ailments, and their residence outside of Ukraine. (Mov. Br. at 8). Defendant further states, he will be deported back to Ukraine upon his release because he is not a United States citizen and likely will be drafted into the Ukrainian army. (*Id.* at 3 & 6). In support of his request, Defendant includes an affidavit from his mother, Ms. Tetiana Chernyonok, in English, as well as seemingly related documents in Ms. Chernyonok's native language. (*Id.* at 10–20). In addition, Defendant includes documentation listing the courses he has taken during his incarceration to reflect his rehabilitation and self-improvement. (*Id.* at 7, 26 & 30). Finally, Defendant acknowledges the seriousness of his offense conduct, which he admits warranted the severe penalty he received. (*Id.* at 3; *see also id.* at 7 ("It is undisputed that [Defendant] broke the law. He was rightfully prosecuted and punished.")).

The Government opposes Defendant's Motion on two grounds. ***First***, the Government contends that without additional medical documentation or evidence, Defendant has not met his burden to establish "extraordinary and compelling" circumstances surrounding his mother's poor health or her purported living arrangement in Ukraine without access to other caregivers. (Opp. Br. at 7–15). ***Second***, the Government argues that even if Defendant established an "extraordinary and compelling" reason for early release, the Section 3553(a) factors weigh heavily against Defendant's requested relief. (*Id.* at 15–17).

In response to the Government's opposition, Defendant concedes that he "has not provided medical records to support his mother's dementia diagnosis," and states that "obtaining her records is a virtually impossible task" because (i) "[t]o expect that medical officials in such [war] conditions can readily provide medical records is unrealistic" and (ii) the records, even if obtained, "would require translation from Ukrainian into English." (Reply Br. at 2). In addition, Defendant argues that he has served 53% of his sentence—more time than the defendants in the Government's cited cases—and that there is no need for deterrence because his "Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN)" remains low and he "has no intentions of reoffending." (*Id.* at 3–5).

---

[3]      As a preliminary matter, Defendant attached a copy of his December 3, 2023 email to the acting Warden of his facility seeking compassionate release (Mov. Br. at 8), and states that he never received a response (*id.* at 5), which the Government does not dispute (Opp. Br. at 5, n. 4 (noting that "[t]he exhaustion requirement does not appear to be an issue here")). Thus, the Court analyzes the substance of Defendant's Motion below.

As reflected above, the "extraordinary and compelling reasons" Defendant sets forth in support of his Motion fall under the "Family Circumstances" category. The Sentencing Guidelines provide, in relevant part, that extraordinary and compelling reasons may exist regarding the family circumstances of a defendant when:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)–(D).

Here, as conceded by Defendant, he has not presented any documentation reflecting his mother's "incapacitation," as required under the Sentencing Guidelines. (*See generally* Mov. Br.; *see also* Reply Br. at 2). Furthermore, Defendant has not presented any evidence to support the notion that his siblings, who reside in Ukraine and France (*see* Mov. Br. at 8 & 10–11)—or any other family members—cannot care for his mother. (*See generally* Mov. Br. & Reply Br.). Without more, the Court cannot credit Defendant's blanket assertions that his sister, a resident of France, and brother, a resident of Ukraine, cannot care for his mother. Indeed, Ms. Chernyonok's ability to author and sign an affidavit, obtain an English translation of the affidavit, and photograph herself holding the affidavit and passport (*see* Mov. Br. at 10–20), suggest that she is capable of caring for herself—or, at minimum, has some form of assistance. Accordingly, Defendant has not met his burden to establish that his mother is incapacitated and without a caregiver to warrant compassionate release. S*ee, e.g.*, *United States v. Bailey*, No. 14-0050, 2025 WL 45687, at *4 (D.N.J. Jan. 8, 2025) (denying motion for compassionate release where defendant merely provided a "recit[ation of] his mother's alleged medical conditions," "fail[ed] to put forward any competent evidence [of] his mother['s ] incapacitat[ion]," and could not establish that he was "the only available caretaker other than to state as much in a conclusory fashion"); *United States v. Duprey*,

5

No. 10-0101, 2024 WL 3873938, at *2 (D.N.J. Aug. 19, 2024) (noting that aside from statements regarding congestive heart failure and a recent fall suffered by defendant's mother, the court had "not been provided with documentation to show Mrs. Duprey's incapacitation" and thus, defendant did not meet his burden).

Moreover, the ongoing war between Ukraine and Russia does not provide a sufficient basis to justify Defendant's early release. *See, e.g.*, *United States v. Pribyl*, No. 22-11522, 2023 WL 5745496, at *4 (11th Cir. Sept. 6, 2023) ("Fighting in Ukraine and protecting family members living abroad are not extraordinary and compelling reasons under the Guidelines."); *United States v. Skaggs*, No. 22-3127, 2023 WL 5430684, at *1 (7th Cir. Aug. 23, 2023) (finding that the district court "acted well within its discretion by concluding that the war [with Ukraine] was not an extraordinary and compelling reason for release"); *United States v. Wiggins*, No. 16-20664, 2022 WL 806586, at *1 (E.D. Mich. Mar. 15, 2022) (finding the war between Ukraine and Russia did not present an extraordinary reason warranting compassionate release); *United States v. Demikh*, No. 15-0113, 2022 WL 26430903, at *3 (D. Minn. July 8, 2022) (same).

Even if Defendant presented viable reasons in support of a sentence reduction, Defendant's Motion would not succeed based on consideration of the factors under 18 U.S.C. § 3553(a). Section 3553(a) directs the Court to impose a sentence that is sufficient, but not greater than necessary, to further the purposes of sentencing, i.e., the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(1) and (a)(2)(A)–(D). Additionally, the Court must consider, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics. *Id.* § 3553(a)(1).

Although Defendant maintains he has undergone rehabilitation while incarcerated, which this Court commends and encourages, such efforts comprise only one piece of the analysis under Section 3353(a). Relevant here, a reduced sentence would not reflect the severity of Defendant's offense—that is, knowingly engaging in a child exploitation enterprise consisting of Defendant's operation of a controlled website with access to thousands of images and videos of child pornography. (D.E. No. 41 at 1 & 7 ¶ (1)(a)). Indeed, Defendant concedes that his crime was serious and that he received appropriate punishment. (Mov. Br. at 3 & 7). Courts faced with motions for compassionate release from defendants who committed the same crime have noted that the seriousness of the instant offense "is evidenced by the mandatory minimum sentence of 20 years," *see, e.g.*, *United States v. Ridley*, No. 10-0319-18, 2021 WL 4430038, at *3 (W.D. La. Sept. 27, 2021), and that the instant offense involves "dangerous and egregious activity," *United States v. Barcus*, No. 13-0095, 2022 WL 414283, at *4 (E.D. Va. Feb. 9, 2022). Thus, the crime's severity, the need to deter such a crime from occurring again, and the need to protect society from such behavior weigh against any reduction of Defendant's sentence.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion (D.E. No. 47) is **DENIED**.[4] The Clerk of Court shall mail a copy of this Letter Memorandum to Defendant by regular U.S. mail.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] As noted above, Defendant's letter improperly styled and filed as a "Motion for Judgement" (D.E. No. 53) is **DENIED** as moot. Accordingly, the Clerk of Court shall **TERMINATE** docket entry numbers 47 and 53.